UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LINTHECOME,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>KENNETH BLACK, ET AL.,<br><br>　　　　Respondents. | CASE NO. CV 18-5274-JGB (PJW)<br><br>ORDER DISMISSING HABEAS CORPUS<br>PETITION WITH LEAVE TO AMEND |

　　Petitioner, who is currently incarcerated in West Valley Detention Center, Rancho Cucamonga, has filed a new Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, contending that Respondents have deprived him of his rights under the Fifth and Fourteenth Amendments. For the following reasons, the Petition is dismissed without prejudice to filing a first amended petition.

　　The purpose of habeas corpus is to attack the legality of a conviction or the length of a sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 486-88 (1973); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). The instant Petition, however, is a barely-legible jumble of allegations regarding his arrests, prior prison terms, and current incarceration, mixed with complaints about the conditions of his

confinement.[1]  Although the Court might infer from Petitioner's previous filings and related cases that he is continuing to allege that his Static-99 score was tampered with--leading to the wrongful imposition of parole conditions (*see Linthecome v. Alfaro*, CV 18-1787-JGB (PJW))--the Court is still unable to discern what convictions and what sentence Petitioner is seeking to challenge, and on what federal constitutional grounds.[2]

If Petitioner desires to proceed in the instant matter, he must file a "First Amended Petition" by **September 14, 2018**.  For his First Amended Petition, Petitioner must use and complete the attached form Petition for Writ of Habeas Corpus by a Person in State Custody.  Petitioner is admonished to read and follow the instructions set forth on the form.  Petitioner must set forth his claims as simply and concisely as possible, indicating which conviction or sentence he is challenging and on what grounds.

---

[1] For example, on page two of his form petition, in the section entitled "State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements," Petitioner describes two state court cases, but then notes that he has not yet been convicted in either case.  In paragraph 40 of his handwritten statement of "supporting facts," Petitioner explains that he has "endured an endless campa[ign] of harassment and physical abuse and excessive force[]" in the detention center, leaving him injured.  In paragraph 54, he alleges that he is losing weight because he is not able to eat "non-Halal/non-Kosher food[.]"

[2] Once again, the Court notes that Petitioner's complaints about the conditions of his confinement must be brought in a civil rights action for compensatory and injunctive relief pursuant to 42 U.S.C. § 1983, although he has already incurred "three strikes" under 28 U.S.C. § 1915 and, thus, would have to submit the $400.00 filing fee before being allowed to proceed. (*See Linthecome v. Alfaro*, CV 17-872-SKO (PC), July 14, 2017 Order.)

Accordingly, the instant petition is dismissed with leave to amend. The Clerk shall attach a blank form Petition for Writ of Habeas Corpus (CV-69), labeled "First Amended Petition," and marked as case number CV 18-5274-JGB (PJW). Petitioner is forewarned that if he does not timely respond to this Order, the Court will recommend that the case be dismissed with prejudice.

IT IS SO ORDERED

DATED: August 17, 2018

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\LINTHECOME, M 5274\order dismiss leave to amend.wpd